IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GLENN DODGION,

       Petitioner,                  No. CIV S-09-2696 GGH P

    vs.

J. HARTLEY, et al.,

       Respondents.          ORDER

_____/

        Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis.

        For the following reasons, this action is construed as a civil rights action. The petition is dismissed with leave to file a civil rights complaint.

        The petition raises four claims. First, petitioner alleges that Proposition 9 authorizes the California Board of Parole Hearings (BPH) to "aggravate" facts of his crime not found by a jury. As a result, petitioner contends that his incarceration is prolonged. Petitioner does not challenge any particular parole suitability hearing. Accordingly, the court finds that this claim should be raised in a civil rights action rather than a petition for writ of habeas corpus. A finding that Proposition 9 is unconstitutional will not result in petitioner's release from custody

1

1  but may result in an order that he receive a new suitability hearing.

2  If petitioner files a civil rights action, he must clarify claim one. Proposition 9, otherwise known as the "Victims' Bill right Rights Act of 2008," granted crime victims rights to advance notice and participation in "critical" stages in criminal proceedings. Cal. Const., art. I, § 28, amended by initiative, Gen. Elec. (Nov. 4, 2008). It is unclear how Proposition 9 impacted the BPH's consideration of petitioner's offense at his suitability hearing.

In claim two, petitioner alleges that application of Cal. Penal Code § 3041 and Cal. Code Regs. tit. 15, § 2402 "invalidates the sentencing goal of individualizing the rehabilitation process for the shortening of sentences..." in violation of his right to due process. In claim three, petitioner alleges that the BPH and Governor have a policy of denying parole for individuals who have particular aggravating factors. In claim four, petitioner alleges that Cal. Penal Code § 3041 is "void for uncertainty."

Claims two, three and four do not challenge any particular parole suitability hearing. A finding in petitioner's favor as to these claims may result in an order that petitioner receive a new suitability hearing but not in his release from prison. Accordingly, claims two, three and four should be raised in a civil rights action.

For the reasons discussed above, this action is construed as a civil rights action pursuant to 42 U.S.C. § 1983. The petition is dismissed with thirty days to file a civil rights complaint. Following receipt of the complaint, the court will consider petitioner's application to proceed in forma pauperis.

In accordance with the above, IT IS HEREBY ORDERED that:

1. This action is construed as a civil rights action pursuant to 42 U.S.C. § 1983;

2. The petition is dismissed with thirty days to file a civil rights complaint;

3. The Clerk of the Court is directed to send petitioner the form for a civil rights complaint;

\\\\\

1         4.  Following receipt of the complaint, the court will consider petitioner's
2   application to proceed in forma pauperis.
3   DATED: November 16, 2009

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

dod2696.ord