IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GLENN DODGION,

    Plaintiff,                  No. 2:09-cv-02696 KJN P

    vs.

J. HARTLEY, et al.,

    Defendants.           <u>ORDER</u>

    _____/

    On April 1, 2010, the Ninth Circuit Court of Appeals issued its formal mandate rendering effective its order filed March 10, 2010, which dismissed plaintiff's appeal for lack of jurisdiction. (Dkt. Nos. 13, 15.) Plaintiff had appealed the order of this court filed November 16, 2009 (Dkt. No. 5), which construed this case as a civil rights action pursuant to 42 U.S.C. § 1983, rather than an application for writ of habeas corpus as initially framed. This court had dismissed the petition with leave to file a civil rights complaint within thirty days, stating that it would consider plaintiff's application to proceed in forma pauperis upon the filing of the complaint. This action was reassigned to the undersigned on February 9, 2010.[1]

    This court's review of plaintiff's original pleading supports both the prior

---

[1] This action is referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), Local General Order No. 262, and E.D. Cal. L.R. ("Local Rule") 302.

1

magistrate judge's construction that plaintiff is attempting to pursue a civil rights action challenging the conditions of his confinement, as well as the possibility that plaintiff is challenging the denial or revocation of good time credits or other administrative decision impacting the duration of his confinement.  However, clearly lacking in the original pleading are factual allegations demonstrating that plaintiff has standing to make either challenge.  The court will therefore accord plaintiff another thirty days within which to file a coherent and adequate civil rights complaint or habeas corpus petition.  Pursuant to either pleading, plaintiff must demonstrate that he has standing to pursue the matter he challenges.  Failure timely to file such pleading will result in a recommendation that this case be dismissed.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff is accorded thirty days from the filing date of this order to file either a civil rights complaint pursuant to 42 U.S.C. § 1983, or an amended habeas corpus petition pursuant to 28 U.S.C. § 2254;

2. The Clerk of the Court is directed to send plaintiff the forms for filing both a civil rights complaint and a habeas corpus petition (plaintiff must make a choice and file only one completed form);

3. Following receipt of a complaint or amended habeas corpus petition, the court will consider petitioner's application to proceed in forma pauperis; and

4. Plaintiff's motion for an order granting him in forma pauperis status on appeal ((Dkt. No. 14) is denied as moot.

DATED: May 19, 2010

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

dodg2696.ord